*Court of Appeals, Fifth Circuit, Parish of St. Mary.*

### MORGAN'S LA. AND TEXAS R. R. AND S. S. COMPANY *v.* BOURDIER AND BELLESSIEN.

1. When the law, authorizing the expropriation of private property for the use of a railroad company, requires the corporation to present an application to the judge for appraisal, and to notify the owner of the place and time at which such application is to be presented, and such notice is not given, the proceedings are null.
2. In actions, joint in their nature, all the joint defendants must be cited.
3. Lands owned by two or more persons, in undivided interest, cannot be expropriated, unless all parties interested in the title are made party.
4. Under such circumstances, there cannot be an expropriation of the undivided interest of only one of the co-proprietors.
5. And each of the owners in common is entitled to citation and notices of application and proceedings for appraisal.

*Appeal from the Third Judicial District Court for the Parish of St. Mary. Fontelieu, Judge.*

*Don Caffrey*, for plaintiff, appellant.

*B. F. Winchester* and *A. L. Tucker* for appellees.

The opinion of the Court was concurred in by Hon. F. S. Goode, judge *ad hoc*, acting in the place of Dumartrait, judge, recused, having been of counsel.

BLAKE, J.—This is an action instituted by the plaintiffs under the provisions of their charter (Act 37 of the General Assembly of 1877) to expropriate for the use and purposes of their company certain lands belonging to the defendants, so as to connect, by means of a switch or lateral branch, the town of Pattersonville with their main road, and for a depot on the Atchafalaya River, adjacent to said town.

The first objection, urged by the defendants by way of exception, is, that a copy of plaintiffs' application for the appointment of commissioners of appraisal, with a view to expropriate and notice of the time and place when such application was to be presented to the judge was not served, as required by paragraph 5 of section 17 of plaintiffs' charter.

The sheriff's return shows that the application and notice in question were served on one of the defendants only, Trophine Bellessien; and this return is relied on to establish the requisite service, the want of which forms the basis of defendants' first ground of exception.

Plaintiffs in their petition aver that the property sought to be expropriated belongs to the defendants, and ask that both of them be cited.

Section 17, paragraph 5, of plaintiffs' charter, provides " that a copy of the application for the appointment of commissioners of appraisal, and notice of the time and place the same will be presented, must be served on all persons named in said application as owners, or persons interested."

There is no evidence before us to show that Jean Bourdier, one of the joint owners of the property sought to be expropriated and a co-defendant herein, was notified as required by the above quoted section of plaintiffs' charter, nor does it appear that he was even cited as provided for by general law, and in compliance with the prayer of plaintiffs' petition.

It is well settled that in joint actions all persons in interest must be made parties to the suit. Hennen La. Dig., p. 1129, §§ 3 and 11 and authorities there cited.

The subsequent answer of the defendants did not cure this

defect of want of citation, inasmuch as it was filed with full and entire reservation of all of their rights under their exceptions, already presented.

It follows, therefore, that for failure to comply with this necessary formality of citing both of the joint owners, all proceedings had herein are irregular and illegal; and furthermore, inasmuch as the property in controversy is held in indivision, it follows from the very nature of things that the separate and undeterminate share of one of the joint owners alone is not susceptible of expropriation.

This view of the case renders it unnecessary for us to pass upon the numerous other pleas set up by the defendants.

The first ground of the exception which strikes at the very foundation of plaintiffs' action being well founded in law, should have been sustained, and the judgment of the Court overruling the same is erroneous.

Judgment reversed, and case remanded.